JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD MOSLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH'S GROCERY COMPANY, *et al.*,<br><br>　　　　　Defendants. | Case No.: CV 20-04731-CJC (JCx)<br><br><br>**ORDER *SUA SPONTE* REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

## I. INTRODUCTION & BACKGROUND

On May 14, 2020, Plaintiff Lloyd Mosley brought this action against Ralph's Grocery Company in Los Angeles County Superior Court. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff, a quadriplegic who uses a wheelchair for mobility, alleges that he visited Defendant's grocery store on April 22, 2020. (*Id.* ¶¶ 4, 6.) There, he used the store's restroom, but was allegedly unable to wash his hands because the soap dispenser was mounted too high off the ground. (*Id.* ¶ 8.) Based on this alleged

architectural barrier, Plaintiff asserts two state law causes of action against Defendant under (1) California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51(b), and (2) California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54.1(a)(1).  (*See generally id.*)  On May 27, 2020, Defendant removed the action to this Court, invoking federal question jurisdiction.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over it.  28 U.S.C. § 1441.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction."  *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

//

## III. ANALYSIS

In its Notice of Removal, Defendant contends that there is federal question jurisdiction over this action because Plaintiff asserted a claim under the ADA. The Court disagrees. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

The Complaint asserts two state-law claims under the Unruh Act and the CDPA. (*See* Compl.) Defendant contends that federal question jurisdiction nonetheless exists because "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act." (NOR ¶ 4.) This assertion is inaccurate. Though the Complaint references the ADA, it does so only because the Unruh Act and the CDPA both incorporate the ADA, such that an ADA violation may serve as a "hook" for violations of those state laws. *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal [ADA] shall also constitute a violation of this section."); Cal. Civ. Code § 54(c) (similar). But the fact that Plaintiff references the ADA in support of his Unruh Act and CDPA claims does not convert Plaintiff's state law claims into ones arising under the ADA. *See Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."); *Carpenter v. Raintree Realty, LLC*, 2012 WL 2579179, at *5 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim."); *Portillo v. W.E.R.M. Investments, LLC*,

2020 WL 1243782, at *2 (C.D. Cal. Mar. 16, 2020) ("The fact that plaintiff relies in part on ADA violations as the basis for her state claim is insufficient to confer federal question jurisdiction."). Accordingly, this Court lacks jurisdiction over this action.

**IV. CONCLUSION**

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Because Plaintiff has not asserted any claim that arises under federal law, the Court *sua sponte* **REMANDS** this action to Los Angeles County Superior Court.

DATED:   June 11, 2020

_____

CORMAC J. CARNEY

CHIEF UNITED STATES DISTRICT JUDGE